# UNITED STATES BANKRUPTCY COURT
## for the
## DISTRICT OF MASSACHUSETTS

=======================================
|                                       | *              |
| In Re:                                | *              |
|                                       | * Chapter 13   |
|     MARIA ORTIZ,                      | * No. 09-22059-WCH |
|                                       | *              |
|                   Debtor              | *              |
|                                       | *              |
=======================================

DECISION ON CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION OF PLAN

The Chapter 13 Trustee (the "Trustee") has objected to the confirmation of the plan proposed by debtor Maria Ortiz ("Debtor") on two grounds: first, that there is a requirement for a minimum payment in a chapter 13 plan; and second, that Debtor's plan was not proposed in good faith. After argument, I took the matter under advisement. For the reasons set forth below, I will enter an order sustaining the Trustee's objection.

*Background*

On March 28, 2003, Debtor filed a petition under chapter 7.[1] She received her discharge in ordinary course on January 28, 2004. On December 13, 2009, Debtor filed her second bankruptcy, the present case, under Chapter 13.[2]

Debtor's schedules indicate ownership of personal property valued at $3,375.04, all

---

[1] Case No. 03-12553.

[2] She was not eligible for a chapter 7 discharge since her prior case had been commenced less than eight years prior to the present filing. 11 U.S.C. § 727(a)(8).

1

of which was claimed as exempt, and liabilities consisting of $11,856.94 in unsecured nonpriority claims. Her income consists of $788.39 in monthly social security payments and $87.00 in food stamps, against which she reported expenses of $861.00, leaving monthly net income of $14.39. Because her annualized current monthly income was $1,044.00, far less than the then-applicable Massachusetts median family income of $54,842.00 for a one-earner household, her applicable commitment period for a chapter 13 plan is 3 years.[3]

Debtor's chapter 13 plan proposed a 6.55% dividend to her creditors, based upon a monthly payment of $14.00. This percentage is incorrect (although the Trustee did not raise the point) as Debtor's proposed monthly payment of $14.00 would only pay $504.00 into the plan over 3 years. Netting out the Trustee's fee (calculated at 10%) of $50.40[4] leaves only $453.60 for creditors, which would be $12.60 a month, which, under the standard plan language, would be rounded to $13.00. The correct percentage is therefore only 3.83%.

The plan certainly cannot be confirmed with this problem existing, and I assume that the Trustee will file a further objection to confirmation on that basis unless an appropriate amendment is offered.

*The minimum fee issue*

The Trustee first contends that a chapter 13 plan must provide a large enough monthly payment to assure her of $5.00 per month in fees. To be precise, she says:

> 4. 11 U.S.C. § 330(c) states that unless the Court orders otherwise, in a case under chapter 12 or 13 of this title the compensation paid to the

---

[3] So claimed on Form 22C, Line 17.

[4] Or $1.40 a month.

    Trustee serving in the case shall not be less than $5.00 per month from a distribution under the plan during the administration of the plan.
    5. The applicable commitment period in this case is 36 months. As such, in order for the Trustee to receive a minimum commission of $5.00 per month, the plan payments must be a minimum of $50.00 per month for the term of 36 months.
    6. The Trustee therefore asserts that the Plan cannot be confirmed as it fails to comply with the requirements of 11 U.S.C. § 330(c).[5]

This argument ignores the opening phrase of the statute — "Unless the court orders otherwise." The Trustee would have it that I cannot order otherwise, and hence I cannot confirm a plan which denies her $5.00 a month. This reading is contrary to the express language of the statute and must fail. However, to seek a court order otherwise, one must move the court; Debtor has not done so. Absent such an order, the Trustee's objection is well taken and must be sustained on that basis.[6]

*William C. Hillman*

_____
William C. Hillman
United States Bankruptcy Judge

Dated: 5/12/2010

---

[5] Trustee's Objection ¶¶ 4-6.

[6] Of course, this simply postpones consideration of the grounds for the granting of such an order to another day, if such a motion is in fact filed.